**UVALDE COUNTY APPRAISAL DISTRICT, Appellant,**

**v.**

**Joseph B. PARKER, Jr., Appellee.**

**No. 04–86–00155–CV.**

Court of Appeals of Texas, San Antonio.

June 3, 1987.

Rehearing Denied July 31, 1987.

Albert M. Walker, Austin, for appellant.

Chrys Lambros Parker, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and REEVES, JJ.

OPINION

CANTU, Justice.

This appeal arises from a suit for the collection of delinquent property taxes, in-

terest and penalties. Appellee, Joseph B. Parker, Jr., owns approximately 5.01 acres of land in Uvalde County. The property was assessed with 1982 taxes in the amount of $699.56 and 1983 taxes in the amount of $651.88. Appellant, the Uvalde County Appraisal District (hereinafter District) filed a tax collection suit on September 25, 1984 for delinquent taxes, penalties and interest in the amount of $1,976.23.

On January 30, 1985, appellee tendered a check to the District in the amount of $1,871.97. The District refused the tender, contending that it was not a full payment of the amount due. Appellee then tendered the payment into the registry of the court where this suit was pending.

Appellee confessed judgment for $1,871.97 as delinquent taxes, interest and court costs through January 31, 1985. The trial court made findings that if tax statements or delinquency notices were sent to appellee, he never received them; and that the District had an incorrect address in its records for appellee although it had sources from which to obtain the correct address. The trial court further found that on the date of appellee's tender, the District's Public Property Tax Records indicated appellee's delinquency to be $699.56; thus the amount tendered was in excess of the delinquency shown to be due.

The trial court concluded that appellee's failure to receive tax statements or delinquency notices was the direct result of the District's failure to exercise reasonable diligence in determining appellee's correct mailing address. The trial court determined that the District's failure to comply with the notice requirements of TEX.TAX. CODE ANN. § 33.07 (Vernon 1982)[1] precluded the District from recovering a 15% penalty on the delinquent taxes. Judgment was entered in favor of the District for $1,871.97, for the 1982–1983 taxes, plus

interest and penalties through January 31, 1985 and court costs.

The District raises one point of error, complaining that the trial court erred in granting judgment for appellee,[2] alleging that it had established a prima facie case in accordance with § 33.47, which was not rebutted. Section 33.47(a) provides:

> In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax imposed constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of the tax alleged to be delinquent against the property listed is the correct amount.

Certified copies of the delinquent tax rolls showing the 1982 and 1983 taxes owed by appellee were introduced into evidence. Brownie Jones, the chief appraiser for the Uvalde Appraisal District, testified that the tax statements and delinquency notices are computer generated and sent to property owners, but that no copies of the notices are maintained by the District. According to Jones, the District's computer produces notices to be sent to each individual whose property appears on the delinquent tax roll. However, Jones could not establish that a notice had actually been sent to appellee.

Section 33.04 requires that the tax collector of a taxing unit deliver notice of delinquencies at least once a year to any person whose name appears on the delinquent tax roll unless the collector does not know or through the exercise of reasonable diligence cannot determine the taxpayer's name and address. As noted, the trial court concluded that appellee did not receive delinquency notices and that the District had sources for determining appellee's correct address.

---

1. All references to Code sections in this opinion refer to TEX.TAX CODE ANN. §§ 1.01 *et seq.* (Vernon 1982 and Vernon Supp.1987).

2. The District's point of error alleging that the trial court erred in granting judgment for appellee is vague and indefinite. Moreover, the judgment was actually granted for the District and

against appellee but without an award of the 15% penalty provided by § 33.07. The District does not challenge the court's findings of facts or conclusions of law, nevertheless, we shall discuss the findings and conclusions as they find support in the evidence.

Section 33.07 permits a taxing authority to provide that taxes that remain delinquent after July 1 of the year in which they become delinquent shall incur an additional penalty of 15% of the amount due to help defray collection costs. If the penalty is so imposed the taxing unit may not recover attorneys' fees in a subsequent suit to collect delinquent taxes. If the taxing unit provides for a penalty under § 33.07, the tax collector must deliver a notice of the delinquency and of the penalty 30 to 60 days prior to July 1.

In its original petition, the District sought attorney's fees pursuant to § 33.48, which authorizes recovery of attorney's fees in a suit for delinquent taxes. At trial appellee argued that the District had authorized the 15% penalty permitted by § 33.07 and so could not collect attorney's fees. Appellee further argued that the District could not recover the 15% penalty because notices had not been provided to him.

The only issue contested at trial and now on appeal is whether the District is entitled to the 15% penalty or attorney's fees.

The trial court held that the District was not entitled to the penalty permitted by § 33.07 because of its failure to comply with the notice requirements. The court also determined that this case was one in which the penalty of § 33.07 was sought and therefore the District was precluded from seeking attorney's fees under § 33.48.

■ According to Jones' testimony, Uvalde is a county that has authorized the imposition of the 15% penalty to defray collection costs as provided by § 33.07. Additionally, the computer generated copies of notices of delinquency issued by the District that were introduced into evidence state that an additional penalty of 15% pursuant to § 33.07 is included in the amount due. Thus the District is precluded from seeking attorney's fees under § 33.48 because of the prohibition against recovery of such in § 33.07. *Lakeridge Development Corp. v. Travis County Water Control & Improvement District,* 677 S.W.2d 764 (Tex.App.—Austin 1984, no writ).

■ Section 33.07 mandates that the tax collector provide notice of a delinquency prior to the July 1 imposition date. Section 1.07(c) provides that a notice is presumed delivered when deposited in the mail. However, this presumption is rebutted when evidence of a failure to receive notice is established. Appellee's testimony that he did not receive notice combined with evidence that the District had an incorrect address listed for appellee sufficiently rebutt this presumption. *Cf. Dallas County Appraisal District v. Lal,* 701 S.W.2d 44 (Tex.App.—Dallas 1985, writ ref'd n.r. e.). Thus there is sufficient evidence to sustain a finding that the District failed to comply with the notice requisites of § 33.-07.

Appellee confessed judgment in response to the District's prima facie case that the taxes were delinquent. The District's argument that they established a prima facie case is therefore unnecessary and immaterial since appellee has admitted to liability for the taxes and interest due. However, the District does not claim nor attempt to show that it established a prima facie case relating to the 15% penalty. As no challenge to the trial court's findings of facts or conclusions of law concerning the penalty is made, we need only point out the findings are sufficiently supported by the evidence. The District's point of error is overruled.

The judgment of the trial court is affirmed.