Fritz NEW, Appellant,

v.

## DALLAS APPRAISAL REVIEW BOARD Dallas County Appraisal District, City of Farmers Branch, Carrollton-Farmers Branch Independent School District, Dallas County, Dallas County Hospital District, and Dallas County Community College District, Appellees.

No. 05–86–01066–CV.

Court of Appeals of Texas, Dallas.

June 17, 1987.

Rehearing Denied Aug. 27, 1987.

John Brusniak, Jr., Vial, Hamilton, Koch & Knox, Dallas, for appellant.

Peter G. Smith, Roy L. Armstrong, Randel B. Gibbs, Christopher J. Caso, John J. Horn, III, Adrienne C. Leonard, Dallas, for appellees.

Before ENOCH, C.J., and BISSETT[1] and HUGHES[2], JJ.

ENOCH, Chief Justice.

This is an *ad valorem* tax case which comes to this Court by way of appeal from summary judgments and a judgment on stipulated facts granted in favor of the Appraisal District, the Appraisal Review Board, and several taxing authorities. The issues presented to this Court for determination are: 1) whether, based upon the summary judgment proof, the Appraisal District met its statutory duty with respect to notice to a taxpayer of the increase in valuation of his property, and 2) whether

taxing authorities may proceed on their claim for delinquent *ad valorem* taxes when the issue of the valuation of the taxpayer's property, against which the taxes were assessed, is in dispute.

The summary judgment evidence demonstrates that the Appraisal District did not meet its burden on the first issue. Secondly, this Court concludes that a suit by a taxing authority to collect *ad valorem* taxes based upon portions of the value of property in dispute is premature. Therefore, the judgments in favor of the District, the Board, and the taxing authorities should be reversed.

### NATURE OF THE CASE

Appellant, Fritz New, filed a declaratory judgment action in the district court against the Dallas County Appraisal District (District) and the Dallas County Appraisal Review Board (Board). By his suit, New sought to set aside the District's decision to increase the 1984 appraised value of his property in Dallas County.

In addition to the District and the Board, New included in his suit appellees, City of Farmers Branch (City), Carrollton-Farmers Branch Independent School District (School District), Dallas County (County), Dallas County Hospital District (Hospital District), and Dallas County Community College District (College District). (These parties will be referred to collectively as the taxing authorities). This was, apparently, an attempt to block collection of taxes for the 1984 tax year. All the taxing authorities except the Hospital and Community College Districts counterclaimed for delinquent taxes.

The District and the Board filed a motion for summary judgment against New. The basis of the motion was that the trial court lacked jurisdiction to review the District's action because New failed to exhaust the exclusive remedies provided by the Texas Tax Code.

---

1. The Honorable Gerald T. Bissett, Justice, retired, Court of Appeals Thirteenth District of Texas at Corpus Christi, sitting by assignment.

2. The Honorable W.A. Hughes, Justice, retired, Court of Appeals Second District of Texas at Fort Worth, sitting by assignment.

The City and School District filed a motion for summary judgment on their counterclaims. The basis for this motion was that an improper valuation of property is not a defense to a suit for delinquent taxes. Although not a party to this motion, Dallas County entered into stipulations of facts essentially resolving all pertinent fact disputes.

The trial court granted interlocutory summary judgment in favor of the District and the Board and *all* the taxing authorities on the District's and Board's motion for summary judgment.[3] In the order, the court reserved the counterclaims for delinquent taxes by the City, School District and County for a later determination.

Subsequently, the trial court granted final judgment in favor of the City and School District on their motion for summary judgment and in favor of the County on its fact stipulations for delinquent taxes, penalty and interest, and foreclosure of liens for tax year 1984.

## APPRAISAL DISTRICT JURISDICTION

In point of error one, New argues that summary judgment in favor of the Board, District, and taxing authorities was improper because a question of fact existed as to whether the District *delivered* to New the notice required by section 25.19 of the Texas Tax Code (the Code).

New contends that any increased valuation rendered without delivery of notice is void. That is to say, failure of delivery deprives the District of jurisdiction to increase the valuation of the property in question. Consequently, the new valuation may be set aside at any time without resort to the exclusive remedies provided for in the Code.

Instead of focusing their response on the pivotal issue of proof of delivery of notice, the Board and the District rely on section 25.19(f) of the Code, which provides that failure to *receive* notice does not affect the

validity of the appraisal of the property. The District and Board also argue that this case is not ripe for judicial review because appellant did not exhaust all of his administrative remedies before filing suit.

While it is agreed that section 25.19(f) establishes that the validity of the appraisal is unaffected by non-receipt of notice, that provision is irrelevant to the case at hand. The validity of the appraisal is maintained even absent actual receipt of notice *if* the District *acquired* jurisdiction over the property owner in the first instance *by delivery* of notice to the owner. If jurisdiction is not obtained by proper delivery to the property owner, as in this case, the question of the validity of the appraisal is not reached. *Garza v. Block Distributing Co., Inc.*, 696 S.W.2d 259 (Tex.App.—San Antonio 1985, no writ). The argument regarding exhaustion of remedies presupposes that jurisdiction has attached. The question of whether or not New exhausted his administrative remedies is reached only *after* the District obtained jurisdiction. *Id.*

## DELIVERY

■ This Court recognizes that when notice is mailed, there is the presumption of delivery of notice afforded the District. However, this presumption may be rebutted by competent evidence of non-receipt by the property owner. TEX.TAX CODE ANN. § 1.07(c) (Vernon Supp.1987). In the event of proof of non-receipt, the District must come forward with competent proof of compliance with section 1.07(b) of the Code regarding mailing of the notice, addressed to *the* property owner at the most recent address in the District's records. Compliance by the District with section 1.07(b) reestablishes the presumption of delivery.

The District and Board's argument that the presumption of delivery is irrebuttable is not supported by the statutes and is not persuasive.[4]

---

**3.** This Court notes that it is error to dispose of claims against parties to a suit on summary judgment if those parties are not part of the summary judgment motion. However, this error is unassigned by appellants and is, therefore, waived.

**4.** By letter dated November 12, 1984, addressed to Charles R. Nelson, Chairman, Webb County

The summary judgment record in this case demonstrates that New, by his affidavit accompanying his response to the District's and Board's motion for summary judgment, unequivocally denies receipt of the notice of increased valuation of his land. Such proof negates the initial *presumption* of delivery of the notice.

With the presumption rebutted, it was incumbent upon the District and Board to come forward with their summary judgment proof to establish that they had mailed the notice to *the* property owner at the most recent address they had in their records. The only evidence in the record on this point was provided by New which shows that some type of notice was received by his *predecessor* in title. Although this evidence has been strenuously objected to by appellees, for the purposes of this appeal, this Court will assume this evidence is competent without ruling upon the objections. The appellees presented no summary judgment proof regarding delivery.

Ironically, the District and the Board rely on New's affidavit to support the proposition that they met the requirements of the statute by mailing notice of the increase in property values to the *most recent property owner* appearing in their records, even though they objected to the contents of the affidavit at the hearing. In support of this position, they focus on the last portion of section 1.07(b) of the Code. This provision states:

> The official or agency shall address the notice to the property owner ... at his address *according to the most recent record in the possession of the official or agency.*

(emphasis added).

This posture, however, completely ignores the first half of the sentence which requires the notice, in the first instance, to be directed to *"the property owner"* (emphasis added). If the District's and

Board's reasoning is carried to its logical conclusion, all that would be required by this statute would be to send notice of a land value increase to some, *or any,* person listed in the chain of title whether or not he had any current interest whatsoever in the property at issue. This Court is unwilling to follow such an interpretation.

Section 25.19 of the Tax Code provides:

> (a) By May 15 or as soon thereafter as practicable ... the chief appraiser shall *deliver* a written notice to a property owner of the appraised value of *his* property if:
>
> (1) the appraised value of the property is greater than it was in the preceding year;

(emphasis added).

Section 1.07 of the Tax Code provides:

> (a) An official ... required by this title to deliver a notice to a property owner may deliver the notice by regular first-class mail, with postage prepaid,....
>
> (b) The official ... shall address the notice to *the property owner* ... at *his* address according to the most recent record in the possession of the ... official. ....
>
> (c) A notice permitted to be delivered by first-class mail by this section is delivered when it is deposited in the mail.

(emphasis added). The language of the statutes is clear. It requires that *the property owner* be given written notice of an increase in the appraised value of *his property.*

In summary, as applied to this case, it is first presumed that the District delivered notice to New of the proposed increase in the value of his land. Next, the sworn statement by New that he never received notice rebuts the initial presumption of delivery. The burden then shifts to the District to establish, by some evidence, that a properly addressed notice was deposited in the mail. The record is devoid of any such evidence.

Appraisal Review Board, John F. Niles, General Counsel to the State Property Tax Board states: Put another way, there is a three-step process: (a) delivery is presumed, (b) the presumption is rebutted by failure to receive, and (c) the presumption may be re-established by *evidence* of delivery.

(emphasis added). Although not binding on this Court, this letter is instructive.

Since the District and Board failed to present any summary judgment evidence of *delivery* of notice to the property owner, they failed to reestablish the presumption of delivery. Accordingly, no jurisdiction over New was shown to have attached, and thus, summary judgment in favor of the District and the Board was inappropriate. Because of this Court's ruling on point of error one, points of error two through seven need not be addressed.

## JUDGMENT FOR DELINQUENT TAXES

■ Point of error eight speaks to the final judgment on the counterclaims of the City, School District, and County. New asserts that it was error for the trial court to grant this judgment as the claims for taxes were based upon an improper property valuation.

The City, School District, and County respond that section 42.09 of the Code specifically prohibits the defense of improper valuation from being raised in a delinquent tax suit; therefore, they argue, the judgment is proper as a matter of law.

Section 42.09 provides:

The procedures *prescribed* by this title for adjudication of the *grounds of protest authorized* by this title are *exclusive,* and a property owner may not raise any of those grounds:

(1) in defense to a suit to enforce collection of delinquent taxes; or

(2) as a basis of a claim for relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid.

(emphasis added).

This Court agrees with New. A compelling reason for reversing the trial court judgment on this issue is that section 42.09 specifically refers to the "grounds of protest" available through the Code. This Court has held, in this case, that the exclusivity provisions of the Code do not govern until jurisdiction of the District attaches. Since no jurisdiction attached to New, the remedies and limitations provided in the Code are inapplicable.

Furthermore, and by way of analogy, although section 42.08(a) of the Code confirms that "pendency of an appeal ... does not affect the *date* taxes become delinquent," subpart (b) of this section specifically mentions only payment of the taxes computed on that portion of the property valuation not in dispute or the previous year's taxes, whichever is higher, as a *requisite* for maintaining the appeal against the District and Board's order on valuation.

To accept the taxing authorities' interpretation would create an inconsistency between sections 42.09 and 42.08 of the Code. That is, the taxpayer could maintain his appeal by payment of the undisputed portion of the taxes, yet he would be left defenseless should a taxing authority, prior to the resolution of the appeal, choose to sue for the balance of the taxes.

The illogic of this argument is even more glaring because of the entitlement of the taxing authorities to penalty and interest, foreclosure of tax liens, and court costs incurred for collection of delinquent taxes. Should the taxpayer win on appeal from the increased valuation, and thus a reduction in valuation occurs, he may still receive no relief. This result is achieved because in the interim, he suffered judgment for delinquent taxes owed to the taxing authorities based upon the erroneous appraisal. In spite of the assertion at oral argument by the attorney for the City and School District, it is far from certain that a refund of any excess taxes paid would occur. The issue of the amount of the tax would have already been litigated and would be res judicata as to New, the City, the School District, and the County. The mere fact that, subsequent to the judgment, the property valuation upon which the judgment was based was changed may not, as a matter of law, be a basis for setting aside the judgment. Additionally, none of these points address the payment of penalty and interest or the potential loss of New's property through foreclosure of tax liens as a result of an improper valuation.

The courts of this state are duty-bound to resolve inconsistencies in the statutory scheme, not to create them. *Texas Department of Public Safety v. Schaejbe,* 687 S.W.2d 727 (Tex.1985). This Court con-

cludes that once the issue of valuation of the property is properly on appeal and the undisputed taxes are paid, an action by a taxing authority for the balance of the taxes is premature until the order on valuation becomes final.

Of course, New is not before this Court because of the provisions of the Tax Code, but rather because of the failure of the District to obtain jurisdiction over him due to the faulty delivery of notice. This Court sees no reason why a different result is dictated. New has paid the taxes assessed against the undisputed value of his property, and the issue of proper valuation of his property is currently before the courts. The taxing authorities are asserting their claim for the balance of the taxes "owed," *including penalty and interest, and foreclosure of lien,* which cannot be resolved until the valuation of the property is settled. As this claim is premature, it cannot support a judgment.

The judgment is REVERSED and the cause is REMANDED for trial on the merits as to all appellees on the plaintiff's Declaratory Judgment action, and the judgment is REVERSED and the cause RE-MANDED for proceedings not inconsistent with this opinion on the counterclaims of the City of Farmers Branch, Texas, Carrollton-Farmers Branch Independent School District, and Dallas County, for taxes owed.