**VALERO TRANSMISSION COMPANY, Appellant,**

v.

**SAN MARCOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 3–88–186–CV.

Court of Appeals of Texas, Austin.

May 24, 1989.

Rehearing Denied June 14, 1989.

William Ikard, Robert J. Myers, Austin, for appellant.

Albert Walker, Austin, for appellee.

Before POWERS, GAMMAGE and JONES, JJ.

POWERS, Justice.

San Marcos Consolidated Independent School District, in a suit to recover delinquent *ad valorem* taxes for the year 1982, recovered summary judgment against Valero Transmission Company in the principal amount of $46,436.05, together with penalties, interest, attorneys' fees, and costs. Valero appeals. We will reverse the judgment and remand the cause to district court.

### THE CONTROVERSY

The 1982 *ad valorem* taxes in controversy result from appraised values assigned Valero's properties by the Hays County Appraisal District. Valero protested the assigned values to the Hays County Appraisal Review Board, initiating thereby the administrative proceeding authorized and governed by Tex.Tax Code Ann. Chapter 41 (§§ 41.41–41.69) (1982 & Supp.1989). The Board sustained the assigned values in a written order. Valero sued thereafter in district court for judicial review of the Board's order, exercising the statutory right of "appeal" provided and governed by Chapter 42 (§§ 42.01–42.43) of the Tax

Code. Valero's Chapter 42 "appeal" remains undecided and pending in the district court.

San Marcos sued afterwards, in the same court, to recover the 1982 *ad valorem* taxes. Suits of this kind, by a "taxing unit," may be brought at any time after *ad valorem* taxes become "delinquent" (ordinarily they become delinquent if not paid by February 1), the cause of action being governed by Chapter 33 (§§ 33.41–33.54) of the Tax Code. Section 33.47 provides that certified copies of the entries on the current-tax roll and delinquent-tax roll constitute *prima facie* evidence sufficient for judgment in favor of the taxing unit, and San Marcos moved for summary judgment on that basis. The district court sustained the motion, rendering judgment accordingly. Tex.R.Civ.P.Ann. 166a (1976 & Supp.1989). This appeal ensued.

Valero's appeal requires that we determine whether a district court may permissibly render final judgment in a taxing unit's Chapter 33 action, for delinquent taxes, while the property owner's Chapter 42 action, assailing the appraised value upon which those taxes were calculated, remains undecided and pending in district court.

## WANT OF SUBJECT–MATTER JURISDICTION

■ Section 41.41 of the Code lists eight categories of protest that a property owner may bring before an appraisal review board in an administrative proceeding governed by Chapter 41. The first pertains to the appraised value assigned by the appraisal district (§ 41.41(1)). Section 41.-47(a) requires the board to determine the property owner's protest in a written order. Section 41.47(d) provides "[t]he board shall deliver by certified mail a notice of issuance of the order and a copy of the order to the property owner and the chief appraiser."

In opposition to San Marcos's motion for summary judgment, Valero filed an affidavit stating that the Hays County Appraisal Review Board had not delivered, via certified mail, the notice and copy required by § 41.47(d). Valero contends on appeal that the Board's omission in that regard deprived the district court of subject-matter jurisdiction in the *present* suit—San Marcos's Chapter 33 suit to recover the delinquent 1982 taxes. We disagree.

In support of its contention, Valero urges the decision and opinion in *New v. Dallas Appraisal Review Board*, 734 S.W. 2d 712 (Tex.App.1987, writ denied). In *New*, the court determined that the summary judgment record did not establish conclusively that the appraisal district had delivered to New, as required by § 25.19(a) of the Code, a notice of the increased appraisal value assigned his property. In consequence, the appraisal district acquired no "jurisdiction" to increase the appraised value of New's property, the purported increase was "void," and the exclusive-remedies provisions of the Code never became binding upon New. As a result, New was not precluded from bringing an *original* action in district court (a declaratory-judgment action) to "set aside" the increased appraised value assigned his property by the appraisal district. *New*, 734 S.W.2d at 714–16.[1] Valero would apply this reason-

---

1. New, a property owner, brought a declaratory-judgment action in district court against his appraisal district, its appraisal review board, and several taxing units to "set aside" the increased appraised value assigned his property for 1984. New contended the chief appraiser had not delivered to New a notice of the increased appraisal, as required by § 25.19(a) of the Code. The taxing units sued New, in a counterclaim, to recover delinquent taxes based on the 1984 appraised value. They moved for summary judgment on the whole case.

The appellate court, in reversing the district-court judgment, held the exclusive remedies provided in Chapters 41 and 42 of the Code did not become obligatory as to New unless and until the appraisal district delivered the notice of increased appraisal required by § 25.19(a) of the Code; and whether the notice had in fact been delivered, in compliance with that statute, remained a disputed issue of fact in the summary-judgment record. This precluded summary judgment in New's declaratory judgment action, if we understand correctly the appellate opinion. *New*, 734 S.W.2d at 716. Concerning the taxing units' Chapter 33 collection suit against New, the appellate court apparently determined that the district court lacked subject-matter jurisdiction unless and until the § 25.19(a) notice had been delivered; and, in any event, a Chap-

ing by analogy to the alleged failure of the Board to furnish Valero the notice and copy required by § 41.47(d).

For purposes of discussion only, we will accept the *New* rationale and the use Valero would make of it by analogy. Nevertheless, one may not logically conclude that the district court lacked the power to hear and determine San Marcos's Chapter 33 suit for delinquent taxes. If it is true that the Hays County Appraisal Review Board failed to deliver the requisite notice and copy, in the manner specified in § 41.47(d), that omission would only deprive the district court of jurisdiction to determine Valero's "appeal" from the Board's order deciding Valero's protest—Valero's statutory cause of action against the Hays County Appraisal Review Board, authorized and governed by Chapter 42 of the Code. *See* §§ 42.01–42.05, 42.21, 42.24–42.27. *That* cause of action was *not* the cause of action

decided by the district court in the present case, in which a taxing unit has sued Valero to recover delinquent taxes in a cause of action governed by Chapter 33 of the Code.

We therefore overrule Valero's point of error that the district court lacked subject-matter jurisdiction because the Hays County Appraisal Review Board failed to deliver the notice and copy required by § 41.47(d) of the Code.[2]

### WANT OF "RIPENESS"

■ Valero also contends on appeal that San Marcos's Chapter 33 cause of action, for delinquent 1982 taxes, was "premature" and not "ripe" for adjudication because Valero's own Chapter 42 action against the Hays County Appraisal Review Board, for judicial review of the Board's order, was pending and undecided in district court.[3] We agree.

---

ter 33 collection suit was "premature until the order on valuation becomes final"—an apparent reference to a final and subsisting judgment in a Chapter 42 "appeal" to district court from the order of an appraisal review board. *New*, 734 S.W.2d at 717. We neither accept nor reject the reasoning in *New*.

2. We should refer briefly to our earlier opinion in *Valero Transmission Co. v. Hays Consolidated Independent School Dist.*, 704 S.W.2d 857 (Tex. App.1985, writ ref'd n.r.e.). That controversy also involved the appraised value assigned Valero's properties for the year 1982.
The Hays County Consolidated Independent School District, another taxing unit within the Hays County Appraisal District, recovered judgment against Valero in a Chapter 33 collection suit *before the appraisal review board had determined the company's protest under Chapter 41.* On appeal, Valero brought 41 points of error that depended ultimately on two premises: (1) the remedies provided in the Code for relief from an erroneous appraisal were not exclusive; and (2) owing to the provisions of § 41.47(c) of the Code, a taxing unit might not impose a valid tax until after the appraisal review board had determined all property-owner protests and the appraisal records had been approved. We rejected both premises. *Hays Consolidated*, 704 S.W.2d 861–66.
Because it was *not necessary*, we did not discuss the effect of a property owner's *tender* or *payment* of his taxes on a taxing unit's right to proceed to judgment in a Chapter 33 collection suit while the property owner's protest remained pending and undecided before the appraisal review board. Valero had counterclaimed in the case, purporting to allege a Chap-

ter 42 cause of action for judicial review of the board's order—an impossibility of course because no such order had been rendered under Valero's own allegations. The trial court, nevertheless, purported to dismiss the counterclaim for want of compliance with § 42.08(b). On appeal, Valero complained of the dismissal solely on the ground of the company's second premise mentioned above—that it had no obligation to pay the alternate sums required by § 42.08(b) unless and until the appraisal review board had determined all property-owner protests and the appraisal records had been approved.
We should note in conclusion that the Legislature has recently inserted in the Code § 31.071, providing for the property owner's conditional payment of taxes while his protest before an appraisal review board is pending or undecided. This has, evidently, the same purpose as § 42.08 does in reference to Chapter 42 suits in district court—to secure for the taxing unit an uninterrupted revenue during the course of adjudication in a property owner's protest. Section 31.-071 was not in effect at the time of our *Hays Consolidated* decision.

3. Valero answered that San Marcos's Chapter 33 suit was "not ripe for adjudication," and in a written pleading opposing the motion for summary judgment, the company argued that the district court lacked "jurisdiction to entertain" San Marcos's Chapter 33 suit because the company had tendered payment of taxes as required by § 42.08(b). We disagree that the district court lacked "jurisdiction" of the San Marcos suit; however, we interpret Valero's pleading as referring to the issue of "ripeness" discussed in the text, that is to say, the issue of the proper

Chapters 33 and 42 of the Code refer to causes of action that are distinctly and inherently different. Chapter 33 *regulates* causes of action brought by taxing units to recover delinquent taxes from property owners who have not paid them. Section 33.41 requires that the attendant lawsuit be brought against the property owner "in a court of competent jurisdiction for the county in which the tax was imposed." When the court adjudicates that cause of action, it does so in an exercise of its *original jurisdiction.* Tex. Const.Ann. art. 8, § 15; art. 5, §§ 8, 16 (1955 & Supp.1989); *see Mexia Independent School Dist. v. City of Mexia,* 134 Tex. 95, 133 S.W.2d 118, 123 (1939).

Chapter 42, on the other hand, *creates* a new cause of action in favor of a party who wishes to "appeal" the decision of an appraisal review board, given in the board's adjudication of a property owner's protest on any of the eight grounds set out in § 41.41, or a taxing unit's challenge on any of the grounds listed in § 41.03. Notice of the "appeal" is required (§ 42.06), and the cause of action is initiated in district court by the filing of a petition against the board within a specified time (§ 42.21). Even though the "scope of review" allowed the district court is that implied by the familiar expression "trial de novo," the court's review depends upon an antecedent administrative proceeding culminating in a decision and order of the appraisal review board. The "appeal" is thus an integral part of the systematic administrative scheme that the Legislature *substituted* for the pre-Code system in which district courts exercised their original jurisdiction to prevent unconstitutional taxation, but wherein the taxpayer ordinarily lost owing to various legal doctrines, controlling presumptions, and burdens of proof that were judicially interposed to protect the regularity of public revenues. *Valero Transmission Co. v. Hays Consolidated Independent School Dist.,* 704 S.W.2d 857, 861 (Tex.App.1985,

writ ref'd n.r.e.); *Texas Architectural Aggregate v. Adams,* 690 S.W.2d 640, 642 (Tex.App.1985, no writ). Consequently, when a district court adjudicates a Chapter 42 "appeal" it exercises a special *statutory jurisdiction* conferred upon it by the Legislature, and *not* the court's *original* jurisdiction.

The Code contains no provision that expressly precludes the filing of, or recovery of judgment in, a taxing unit's Chapter 33 suit against a property owner whose Chapter 42 "appeal" is pending and undecided in district court, where the tax claimed in the former suit results from an appraised value attacked as invalid in the latter. We believe, however, that the Code implies that a judgment may not be recovered in the Chapter 33 suit until the Chapter 42 "appeal" has been finally determined, notwithstanding the different natures of the two causes of action.

Before enactment of the Code, district courts exercised their equity powers to defer the adjudication of a taxing unit's collection suit when the property owner paid or tendered the undisputed amount of his taxes, before they became delinquent, and pursued in a proper proceeding his right to have his taxes calculated correctly. *State v. Hoffman,* 109 Tex. 133, 201 S.W. 653, 654 (1918); *Blanc v. Meyer,* 59 Tex. 89, 92 (1883); *Republic Ins. Co. v. Highland Park Independent School Dist.,* 57 S.W.2d 627, 631 (Tex.Civ.App.1933, writ ref'd). The Legislature inserted in the Code a provision for the "conditional" payment of taxes by a property owner who pursues his administrative remedy before the appraisal review board—he *may* pay the greater of two sums: the amount of tax owed on the undisputed portion of his appraisal value, or the amount of tax he paid the previous year. (§ 31.071(b)). More to the point, for present purposes, the Legislature provided that the taxpayer *forfeits* his right to an adjudication, on "appeal" to district court, *unless* he pays the greater of the two

*timing* of the court's exercise of its jurisdiction. *See* Schwartz, Administrative Law § 9.1, at 522–

25 (2d ed. 1984). We conclude Valero suffi-

sums. (§ 42.08).[4]

Because the Legislature thus secured to taxing units, for all practical purposes, their requirement for an uninterrupted revenue, it is unreasonable to suppose that the Legislature intended that a taxing unit's Chapter 33 suit should go forward to judgment before the district court adjudicates the property owner's Chapter 42 "appeal." That course of proceeding is not only unnecessary under § 42.08, it contradicts the orderly and systematic scheme provided in the Code which purports carefully to correlate, adjust, and protect the interests of taxing units *and* of those property owners who protest the actions of appraisal districts and make the payment required by § 42.08 or that permitted by § 31.071(b). We hold the Code provisions *necessarily imply* that judgment may not be recovered in a Chapter 33 suit until the property owner's pending Chapter 42 "appeal" has been finally determined.

Irrespective of the Code provisions, and their implications, we reach the same conclusion on other grounds when we look to "the inherent interrelation of the subject matter of the two suits," and the practical results of allowing a Chapter 33 suit to proceed to judgment before the Chapter 42 "appeal" has been finally determined. *Timon v. Dolan*, 244 S.W.2d 985, 987 (Tex. Civ.App.1951, no writ), *cited with approval in Dolenz v. Continental National Bank of Fort Worth*, 620 S.W.2d 572, 575 (Tex. 1981). *Dolan* held that a trial court did not abuse its discretion in abating a plaintiff's suit, as next friend for her husband, until the husband's want of mental capacity had been determined in another suit. The same principle was applied in *North Texas Coach Co. v. Morten*, 92 S.W.2d 263 (Tex.Civ.App. 1935, no writ) to defer judgment in an original action in district court pending final determination of an "appeal" taken to district court from an administrative order of the Texas Railroad Commission. The similarity of *Morten* to the present case is obvious. In the present suit, San Marcos's legal right to the taxes claimed in its Chapter 33 suit depends upon the validity of the appraised value assigned Valero's property, but under § 42.09 of the Code, Valero may not defend in San Marcos's suit on the ground that the appraised value is invalid. Valero may have that matter determined *only* in its own Chapter 42 suit (§ 42.09). Orderly procedure requires, therefore, that the two suits be consolidated under Tex.R. Civ.P.Ann. 174(a) (1976), or that judgment in the Chapter 33 suit be deferred until Valero's Chapter 42 "appeal" has been finally determined. *Cf. Morten*, 92 S.W.2d at 266.

We should mention in conclusion that San Marcos contends on appeal that we must sustain the summary judgment below because Valero failed to comply with the tax-payment requirement of § 42.08(b), forfeiting thereby its statutory right to judicial review of the appraisal-board order. That may or may not be the case, but the issue is one determinable only in Valero's Chapter 42 suit for judicial review, or in a consolidated proceeding, followed by the proper judgment therein if Valero did in fact fail to comply with the statute.

We hold San Marcos was not entitled to summary judgment because the judgment was premature for the reasons given above. We therefore reverse the judgment below, and remand the cause to the district court for proceedings not inconsistent with our opinion.

---

ciently interposed the issue in opposition to San Marcos's motion for summary judgment.

**4.** In *Morris County Tax Appraisal Dist. v. Nail,* 708 S.W.2d 473, 474–75 (Tex.App.1986, writ ref'd n.r.e.), the court imputed to § 42.08 of the Code the equitable right of the property owner to make a tender of the requisite sums into the registry of the court, rather than to the tax collector. We express no opinion on that issue.