Peter SIRACUSA and Luly
Siracusa, Appellants,

v.

NUECES COUNTY, Appellee.

No. 13–92–084–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 8, 1994.

Edward L. Ciccone, Corpus Christi, for appellants.

Lynda D. Helton, Calame, Linebarger, Graham & Pena, Corpus Christi, Peter W. Low, Calame, Linebarger, Graham & Pena, Austin, for appellee.

Before KENNEDY, DORSEY and FEDERICO G. HINOJOSA.

## OPINION

KENNEDY, Justice.

Peter and Luly Siracusa appeal a summary judgment in a tax collection suit by Nueces County. On appeal, the Siracusas challenge whether the court should have granted judgment while their suit attacking the reappraisal pended. They also challenge the award of attorneys' fees. We affirm.

■ Peter and Luly Siracusa purchased land in Nueces County in 1978. They built a house there in 1980 and have lived there since. The land was taxed as open-space land until 1987, when the Nueces County Appraisal District reappraised the property. The District notified the Siracusas of the reappraisal. The Siracusas changed their use of the land and regained the open-space valuation for 1988.

The reappraisal caused the imposition of additional taxes. *See* TEX.TAX CODE ANN. § 23.55(a) (Vernon 1992). The additional tax is the difference between the taxes imposed for the previous five years and the tax that would have been imposed on the market value of the land. Despite their recapture of the open-space valuation in 1988, the Siracusas were assessed additional or rollback taxes for 1983–1986.

The Siracusas protested the reappraisal as non-open-space land before the Nueces County Appraisal Board. The Board denied their protest. The Siracusas appealed that denial to the 105th District Court in Nueces County in Cause No. 88–973–D (Case # 1). The court found that the Siracusas filed their appeal too late and dismissed it for want of jurisdiction on April 25, 1988.

Nueces County filed this suit for collection of delinquent taxes on May 20, 1991 in the

148th District Court in Nueces County in Cause No. 92–2915–E (Case # 2). The County moved for summary judgment on September 3, 1991, attaching the judgment in Case # 1. The Siracusas resisted, requesting abatement on September 23, 1991 of Case # 2 until resolution of their new challenge to the assessment of the rollback taxes. When the Board refused to hear their new challenge, they appealed by filing suit on December 18, 1991 in the 319th District Court in Nueces County in Cause No. 91–6869–G (Case # 3). They filed the petition in Case # 3 as part of the record in Case # 2.

The court granted summary judgment in this case, Case # 2, on January 7, 1992 before the resolution of Case # 3. After examining the file in this case and our own records, we learned that the Siracusas had appealed the May 27, 1993 dismissal of Case # 3. We abated the appeal in this case in the interests of justice and judicial economy to await our resolution of the appeal in Case # 3.

We have affirmed the judgment in Case # 3. *Siracusa v. Nueces County Appraisal Board,* No. 13–93–361–CV (Tex.App.—Corpus Christi November 23, 1994, n.w.h.) (not designated for publication).

By point of error one, the Siracusas contend that the court in Case # 2 erred in granting summary judgment on taxes owed while the challenge to the assessment of those taxes pended in Case # 3. They cite cases holding that the Tax Code inherently and practically (though not explicitly) requires that tax collection suits await the resolution of challenges to the assessment of those taxes. *See Valero Transmission Co. v. San Marcos Consol. Indep. School Dist.,* 770 S.W.2d 648, 652 (Tex.App.—Austin 1989, writ denied); *New v. Dallas Appraisal Review Board,* 734 S.W.2d 712, 716–17 (Tex.App.—Dallas 1987, writ denied). In neither cited case, however, had a court dismissed an appeal of a prior protest of the assessment for

being filed too late. The previous court decision in Case # 1, in the record as part of the summary judgment proof, supplied the finality of assessment missing in *Valero* and *New.* The court here could rely on the decision in Case # 1 (and Case # 3's similarity to Case # 1) to find that the validity of the underlying assessment had been determined with sufficient finality. The pendency of Case # 3 did not render erroneous the court's grant of summary judgment.[1] We overrule point one.

■ By point of error two, the Siracusas challenge the award of attorneys' fees because a fact issue remained as to the reasonableness of the fees. The Siracusas correctly point out that the County presented no proof of the reasonableness of any attorneys' fee. Had the County sought attorneys' fees for bringing the collection action, the Siracusas would be correct that the County's failure to prove reasonableness should have barred summary judgment. *See Corporate Funding, Inc. v. City of Houston,* 686 S.W.2d 630, 631 (Tex.App.—Texarkana 1984, writ ref'd n.r.e.); *see also* TEX.TAX CODE ANN. § 33.48 (Vernon 1992). The court did not award attorneys' fees for the collection suit, however. The attorneys' fees awarded in this action were subsumed in the total amount owed as an additional penalty for collection costs under a different statute. *See* TEX.TAX CODE ANN. § 33.07(a) (Vernon 1992). The County did not receive an award of attorneys' fees for the collection suit in addition to the collection fee penalty, unlike the board in *Uvalde County Appraisal Dist. v. Parker,* 733 S.W.2d 609, 611 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.) (District could not seek attorneys' fees at trial under TEX.TAX CODE ANN. § 33.48 when attorneys' fees were included in collection penalty under TEX.TAX CODE ANN. § 33.07). Attorneys' fees assessed under section 33.07 by the County as a penalty for the costs of collecting delinquent taxes are not subject to the reasonableness review of attorneys' fees requested in a collection suit under section 33.48. *See*

---

1. The only harm in resolving Case # 2 before resolving Case # 3 lay in the possibility that Case # 3 might be resolved in favor of the Siracusas. The resolution of Case # 3 against the Siracusas erased any potential harm.

TEX.TAX CODE ANN. §§ 33.07(a) & 33.48 (Vernon 1992). The court did not err in granting a summary judgment in the absence of proof of reasonableness. We overrule point two.

We affirm the judgment.