In the Interest of SAR & AR Children















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-00381-CV
No. 10-03-00382-CV

IN THE INTEREST OF S.A.R. AND A.R.,
CHILDREN

 

From the 13th District Court
Navarro County, Texas
Trial Court Nos. 00-00-09436-CV and 00-00-09720-CV
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      Appellant has filed unopposed motions to dismiss these appeals under Rule of Appellate
Procedure 42.1(a)(1). See Tex. R. App. P. 42.1(a)(1). Accordingly, the appeals are
dismissed.
                                                                   PER CURIAM

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
Appeals dismissed
Opinion delivered and filed March 3, 2004
[CV06]



DENT SCHOOL DISTRICT,
     AND DALLAS COUNTY EDUCATION
     DISTRICT
                                                                         Appellees
 

From the 193rd District Court
Dallas County, Texas
Trial Court # 95-31927-T-L
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant WHM Properties, Inc. [“WHM”], appeals the trial court’s decision denying its
requested refund of penalties and interest on ad valorem taxes it paid under protest to appellees
County of Dallas, Dallas Community College District, Parkland Hospital District, Dallas County
School Equalization Fund, City of Cedar Hill, Cedar Hill Independent School District, and Dallas
County Education District [“the taxing authorities”]. The property for which the taxes accrued
consisted of seven tracts of real property [“the property] located in the City of Cedar Hill, Dallas
County, Texas. WHM contends it is entitled to a refund totaling $53,628


 because the taxing
authorities failed to comply with their legal requirement to send the previous owner of the
property, Hansom, Inc. [“Hansom”], proper notices concerning the delinquent taxes.
      WHM presents seven issues on appeal: (1) whether WHM’s evidence was sufficient to rebut
the presumption that the previous corporate owner, Hansom, received notice of the taxes owed,
where there was no evidence of mailing from which a legal presumption of delivery would arise;
(2) did the trial court err in concluding that the taxing authorities provided the property owner the
requisite notice of the taxes owed; (3) whether the trial court erred in concluding that another
corporate entity had record title to the property in question; (4-5) whether the relief sought by
WHM was barred by statute; (6) whether the trial court erred in entering a take-nothing judgment
against WHM; and (7) whether a number of the trial court’s findings of fact were supported by
the evidence. We will reverse.
NATURE OF THE CASE
      WHM intervened in a lawsuit brought in district court by Dallas County, and others, against
Canadian American Land Company [“CALCO”], sole stockholder of Hansom, seeking money
WHM paid under protest on ad valorem tax interest and penalties to the named taxing authorities
in this case. The district court denied WHM relief. WHM appeals that judgment contending, as
a matter of law, that it was entitled to the refund sought in the court below.
THE ISSUES 
      Issues one, two, six, and seven turn on two related questions: (1) were the taxing authorities
entitled to a legal presumption that notice of the delinquent taxes was sent to the property owner?;
and if so (2) did WHM present competent evidence that the property owner did not receive the
notices?
      The relative evidentiary burdens and presumptions relating to the issue of notice of delinquent
taxes are significant because the law in effect at the time this matter arose provided that penalties
and interest on property taxes delinquent more than five years are cancelled and may not be
collected if the collector has not delivered the notice required under the Tax Code. See Act of May
26, 1985, 69th Leg., R.S., ch. 761, § 1, 1985 Tex. Gen. Laws 2600, 2601 (amended 1999)
(current version at Tex. Tax Code Ann. § 33.04(c) (Vernon 2002)). We begin with a review of
the pertinent provisions of the Tax Code.
      The version of Section 33.04 in effect at all pertinent times in our case provided:
(b) . . . the tax collector for each taxing unit in each year divisible by five shall
deliver by mail a written notice of delinquency to each person who owes a tax that has
been delinquent more than one year and whose name and mailing address are known to
the collector or can be determined by the exercise of reasonable diligence. He shall state
in the notice the amount of the delinquent tax, penalties, and interest due, the description
of the property on which the tax was imposed, and the year for which the tax is
delinquent. If the person owes delinquent taxes for more than one year or on more than
one property, the collector may include all the delinquent taxes the person owes in a
single notice.

Id. (emphasis added).

      A presumption of delivery arises when the notice is shown to have been deposited in the mail
if it is sent by a taxing authority by regular first-class mail, with postage prepaid. See Tex. Tax
Code Ann. § 1.07 (Vernon 2002); see also New v. Dallas Appraisal Rev. Bd., 734 S.W.2d 712,
714 (Tex. App.—Dallas 1987, writ ref’d). The Code further provides, “This presumption is
rebuttable when evidence of failure to receive notice is provided.” Tex. Tax Code Ann. §
1.07(c) (Vernon 2002). In New, Chief Justice Enoch, writing for the Dallas Court of Appeals,
stated that the rebuttal evidence must be “competent” evidence of non-receipt by the property
owner. New, 734 S.W.2d at 714.
      The initial question we must address is whether the taxing authorities were entitled to a
presumption of delivery absent evidence the notices were ever deposited by regular first-class
mail, with postage prepaid. The taxing authorities offered no evidence in the trial court to show
that notices of delinquent taxes were ever mailed.
      It appears the trial court’s findings of fact to the contrary were based solely on one of Cedar
Hill’s attorney’s representations to an attorney representing WHM during the discovery process
that written notices had been mailed. In a facsimile transmittal provided to WHM lawyer, Robert
Arnett, by Cedar Hill’s attorney, Elke Daniel, on August 4, 1999, in response to a discovery
request, Ms. Daniel represented that “[attached] is a list of the addresses to where notices were
sent by the Cedar Hill Tax Office.” The attachment contained addresses and dates, and included
the unexplained cryptic comment “Delinquent taxes returned 2/19/1996, trying Mr. Jaymark
Hesse, 4950 W. Grove #100, Dallas, Texas 75248.” At trial, there was no explanation as to what
the comments meant, or that written notices had been mailed by the taxing authorities to the
property owner, much less by first-class mail with postage prepaid.
      The taxing authorities, citing New, argue that the lack of evidence of mailing is irrelevant
because Gaubert’s testimony that he did not receive notice was not credible, thereby relieving the
authorities of their burden to establish that the notices were mailed. We disagree. New requires
that there be evidence of mailing before the presumption of delivery arises. Id.
This Court recognizes that when notice is mailed, there is a presumption of delivery
of notice afforded the District. However, this presumption may be rebutted by competent
evidence of non-receipt by the property owner. Tex. Tax Code Ann. § 1.07(c) (Vernon
Supp. 1987). In the event of proof of non-receipt, the District must come forward with
competent proof of compliance with section 1.07(b) of the Code regarding mailing of the
notice, addressed to the property owner at the most recent address in the District’s
records. Compliance by the District with section 1.07(b) reestablishes the presumption
of delivery.

Id.
      Because the taxing authorities did not establish the notices had been mailed, they were not
entitled to the legal presumption of delivery recognized, which clearly requires evidence of mailing
as a precondition to the burden shifting to the property owner. Id. Therefore, under the rule set
forth in New, the issue of whether Gaubert’s testimony was credible is immaterial to our decision.
      We sustain issues one, two, six and seven, to the extent that they complain of the failure of
the taxing authorities to show that notices of the delinquent taxes were mailed to the taxpayer.


 
      We next address issues four and five.


 WHM contends the trial court erred in its
determination that WHM’s plea in intervention was untimely because the taxpayer, Hansom and
CALCO, failed to comply with Tex. Tax Code Ann. § 33.011(a) (Vernon 2002) which required
the taxpayer to pay delinquent taxes within 21 days after the taxpayer knew, or should have known
of the delinquency (issue four), and erred in its determination that WHM’s plea in intervention was
untimely because its request for a waiver of penalties and interest must be made before the 181st
day after the delinquency date (issue five). See Tex. Tax Code Ann. § 33.011(d) (Vernon 2001). 
We agree.
      Finding of fact number 45, which states that neither Hansom nor CALCO complied with
Section 33.011, is supported by the record (the evidence shows the payment was intentionally
delayed long after the delinquency was known, and was not paid until the property became
profitable), and conclusions of law numbers four and five, which held that Hansom and CALCO
failed to pay taxes under the 21 day requirement set forth in Section 33.011(a) nor the 181 day
requirement set forth in Section 33.011(d), do not prohibit intervention because the taxing
authorities waived the issue of avoidance through waiver under Section 33.011 by not pleading
it as an affirmative defense. See Tex. R. Civ. P. 94 (providing waiver is an affirmative defense
and must be pleaded). Issues four and five are sustained.
      Given our previous determination that no evidence exists showing the taxing authorities ever
mailed the challenged notices to the taxpayer by depositing them postage prepaid in first-class
mail, we need not address WHM’s argument in issue two that any notices should have been sent
by the taxing authorities to Hansom rather than CALCO.
      WHM contends in issue seven that the trial court erred in entering the following findings of
fact because they are not supported by the record:
1. In 1992, Dallas County filed Cause No. 92-31976-T-J for the collection of
delinquent property taxes owed for tax years 1989 through 1991 on Tracts 1.1 and 1.2
of the John N. Gainer Abstract 492, Page 020, located in Cedar Hill, Dallas County,
Texas;
 
2. Hansom Inc., (“Hansom”) was served with notice in Cause No. 92-31976-T-J
by serving its registered agent, John G. Hardy on or about July 22, 1992. John G. Hardy
resigned as registered agent for Hansom on June 20, 1994. There was no new agent
appointed.
. . .
 
15. The Dallas County Appraisal District records show that title to the Parcels was
transferred in CALCO on February 7, 1992, via quitclaim deed recorded at volume
92032, page 80 of the Dallas County deed records.
. . .
 
27. Gaubert testified


 he did not receive the 1992 notice.
. . .
 
28. Gaubert testified that “he” did not receive the 1993 through 1996 notices.
. . .
 
32. Evidence was submitted by WHM, which identified the name and address on
the tax roll for the 1989 through 1998 tax years where Cedar Hill sent notices for the
Parcels.
 
33.-43 [Because of their length we paraphrase the trial court’s findings 33-43 as
findings that Cedar Hill sent notices of the delinquencies to various named entities and
that those notices were either not returned or were returned, then forwarded to CALCO’s
registered agent at the time].
. . .
 
45. Hansom nor CALCO complied with Section 33.011(a) of the Texas Property
Tax Code which requires a taxpayer to pay the taxes within 21 days after the taxpayer
knows or should have known on the delinquency.
 
46. A corrected or updated address was not provided by CALCO to the Dallas
Central Appraisal District (DCAD) or the taxing entities until November 1997. 

      The taxing authorities’ reply briefs do not favor us with any analysis relating to issue seven. 
Our own review of the record reveals that WHM’s complaints in issue seven have merit, save for
its contention that findings 27, 28, and 45, are not supported by the record. Gaubert testified that
he did not receive the notices in question; therefore findings of fact 27 and 28 are supported by
the record. In its appellate analysis WHM insists that Gaubert also testified that he “would have
known if Hansom received the notices and that Hansom did not receive the notices.” We rule the
trial court, as the trier of fact, was entitled to believe Gaubert when he testified he did not receive
notice, but disbelieve him when he testified he would have known if Hansom received the notices,
particularly given Gaubert’s testimony that he was imprisoned at the time; however, these findings
are immaterial because, as noted previously, absent evidence of a first-class, postage prepaid
mailing by the taxing authorities to the taxpayer, the burden never shifted to the taxpayer to rebut
the presumption.
      In a counter-issue the taxing authorities, citing Article One of the Texas Constitution, contend
that WHM had no standing to maintain its plea in intervention because Texas law limits access to
courts to only those litigants suffering an injury. See Tex. Const. art. I, § 13. In support of their
contention the taxing authorities allege that: (1) WHM had no ownership interest in the property
for any of the relevant years; (2) Hansom had forfeited its corporate charter in 1993; and (3)
WHM never suffered any injury. In response, WHM argues that the taxing authorities counter-issue, although presented as a “standing” challenge, is actually a challenge to a WHM’s ability
to sue or defend because of the status of a corporate charter, a defense requiring verified pleading
under Rule 93. See Bluebonnet Farms Inc. v. Gibraltar Sav. Assn., 618 S.W.2d 81, 84 (Tex. Civ.
App.—Houston [1st Dist.] 1980, writ ref’d n.r.e.]. We agree.
      When capacity is contested by either party, Rule 93 requires the filing of a verified plea. Tex.
R. Civ. P. 93 (1). Where a party fails to raise the issue of his opponent’s corporate status by
means of a verified plea, the issue is waived. Bluebonnet, 618 S.W.2d at 83. The record reflects
no verified pleading raising this defense was filed by the taxing authorities. Because the issue was
waived, the taxing authorities counter-issue is overruled.
    The trial court’s judgment is reversed, and the case remanded to the trial court with instructions
that an order and judgment be entered in favor of WHM awarding it a refund of the $53,628 in
penalty and interest WHM paid under protest to the taxing authorities for delinquent ad valorem
taxes for tax years 1989 through 1996
 
PER CURIAM

Before Chief Justice Davis,
      Justice Gray, and
      Justice Richards (Sitting by Assignment)
Reversed and remanded
Opinion delivered and filed August 4, 2003
[CV06]