IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00028-CV

 

Dean Ranch Properties LTD,

                                                                      Appellant

 v.

 

J. Fred Bayliss,

                                                                      Appellee

 

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 02-000247-CV-272

 



DISSEnTING Opinion



 

The majority opinion inadequately analyzes
Bayliss’s first issue.  Bayliss argues that Dean Ranch lacks standing because
Dr. Dean actually purchased the property.  Dean Ranch asserts that Bayliss is
actually arguing a defect of parties and that he should have filed a verified denial.

The majority opinion, unlike our WMH
opinion, does not fully explain the above arguments.  See WHM Props., Inc.
v. Dallas County, 119 S.W.3d 325, 330 (Tex. App.—Waco 2003, no pet.)
(explaining that party’s standing challenge was actually challenge to ability
to sue or defend, which requires a verified pleading).  Standing need not be
raised by a verified pleading, and it may be raised for the first time on
appeal.  See Austin Nursing Center, Inc. v. Lovato, 171 S.W.3d 845, 849 (Tex. 2005); Tex. R. Civ. P. 93.

“The general test for standing in Texas requires that there ‘(a) shall be a real controversy between the parties, which (b)
will be actually determined by the judicial declaration sought.’”  Texas Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993) (quoting Board of Water Engineers v. City of San Antonio, 155 Tex. 111, 283 S.W.2d 722, 724 (1955)).  Standing is a component of subject matter
jurisdiction, which we consider under the same standard by which we review
subject matter jurisdiction generally.  Id. at 445-46.  A party has
standing if it has a justiciable interest in the suit or a personal stake in
the controversy.  See Nootsie, Ltd. v. Williamson County Appraisal Dist., 925
S.W.2d 659, 661 (Tex. 1996); Tex. Ass’n of Bus., 852 S.W.2d at
444.  In contrast, a party has capacity when it has the legal authority to act,
whether it has standing or not.  See Nootsie, 925 S.W.2d at 661.

In this case, the contract for sale was with
Dean Ranch; Dr. Dean was the deed grantee only by mistake; and Dean Ranch
would—and did—ultimately pay the assessment.  These facts are some evidence
that Dean Ranch has a justiciable interest in the controversy.  Dean Ranch has
standing.

Bayliss’s argument is that when there are related
parties such as Dr. Dean and Dean Ranch, and the wrong party is the named
plaintiff, the named plaintiff does not own the cause of action and thus lacks
standing.  However, “[a] challenge to who owns a claim raises the issue of
capacity, not standing, and therefore does not implicate the trial court’s
subject matter jurisdiction.”  Gonzales v. Greyhound Lines, Inc., No.
08-04-00033-CV, slip op., 2005 Tex. App. LEXIS 6219 at *11-12 (Tex. App.—El
Paso Aug. 4, 2005, no pet. h.) (citing Nootsie, 925 S.W.2d at 662, and Pledger
v. Schoellkopf, 762 S.W.2d 145, 145-46 (Tex. 1988)).  Bayliss thus has
presented a defect-of-parties issue as a standing issue.

Concerning Dean Ranch’s second issue, the trial
court issued a post-trial December 23, 2003 letter-ruling that (1) there could
not have been true reliance by Dean Ranch on the representations at issue and
granted JNOV on Dean Ranch’s statutory fraud claim, which was the only basis
for Dean Ranch’s recovery of attorney’s fees, and (2) Dean Ranch “should
recover on its negligence claim.”  See Tex.
Bus. & Comm. Code Ann. § 27.01(e) (Vernon 2002).  Thus, the final
judgment did not award Dean Ranch its attorney’s fees.

Furthermore, the majority opinion incorrectly asserts
that nothing in the record allowed the trial court to rule that there could not
have been true reliance; i.e., Bayliss does not show where he requested such
relief.[1] 
To the contrary, during the charge conference, Bayliss moved for directed
verdict on the reliance issue, and I believe that the evidence supports the
trial court’s ruling that Dean Ranch could not have relied on Bayliss as a
matter of law.  Moreover, a statutory real estate fraud claim exists only for a
“false representation of a past or existing material fact. . . .”  Id. § 27.01(a)(1).  Because Dean Ranch’s claim rested on Bayliss’s subsequent
failure to disclose or concealment of the city’s December 6, 2000 letter,
rather than a false representation of a past or existing material fact, Dean
Ranch’s claim under section 27.01 fails as a matter of law.  I would overrule Dean
Ranch’s second issue.

For the above reasons, I respectfully dissent.

 

 

 

BILL VANCE

Justice

 

 

Dissenting
opinion delivered and filed November 30, 2005








 









    [1]       The
trial court’s October 30, 2003 letter ruling refers to an August 28, 2003
hearing, but there is no reporter’s record for this hearing.  In his brief,
Bayliss states that he moved for JNOV, and the trial court’s December 23, 2003
letter states that it is granting JNOV on the real estate fraud claim, but
there is no motion for JNOV in either the clerk’s or the reporter’s record. 
Given these discrepancies, I would request supplemental clerk’s and reporter’s
records pursuant to Rules 34.5(c) and 34.6(d) of the Texas Rules of Appellate
Procedure so that there can be a full and fair disposition of Dean Ranch’s
second issue.

 








 justify">                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed August 23, 1995
Do not publish