

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00377-CV

CATALYST PARTNERS, INC.                  APPELLANT

V.

BASF CORPORATION                     APPELLEE

----------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Catalyst Partners, Inc. perfected this restricted appeal from the trial court's no answer default judgment in favor of Appellee BASF Corporation. To prevail in a restricted appeal, Catalyst Partners must establish that (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the complained-of judgment and did not timely file any post-

---

[1]See Tex. R. App. P. 47.4.

judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The record, for purposes of a restricted appeal, consists of all papers filed in the appeal. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).

The first three requirements for filing a restricted appeal are not disputed in this appeal. We thus turn to the issue of whether error is apparent on the face of the record. Catalyst Partners' sole allegation of error on the face of the record is that the record does not show proper service on Catalyst Partners.

BASF brought suit against Catalyst Partners on a sworn account. After unsuccessful attempts to serve Catalyst Partners' registered agent, BASF requested service on the Texas Secretary of State.[2] The record contains a certification from the Secretary of State that a copy of the citation and petition was received on February 10, 2010; that a copy was forwarded on February 16, 2010, by certified mail, return receipt requested to Catalyst Partners' Agent, Landy Moran, 16203 Part Row, Suite 100, Houston, Texas 77084; and that process was returned on March 2, 2010, bearing the notation "Attempted-Not

---

[2]Catalyst Partners also complains that BASF asked the Secretary of State to serve Catalyst Partners at the address of Catalyst Partners' registered agent when BASF knew the registered agent's address was not good because BASF had been unsuccessful in serving him at the same address Catalyst Partners had provided to the Secretary of State. It was Catalyst Partners' statutory duty to update its address for its registered agent. *See* Tex. Bus. Orgs. Code Ann. § 5.202 (West 2010). Catalyst Partners' failure to do so cannot create error on the face of the record.

Known." When substituted service on a statutory agent is allowed, the designee is not an agent for *service* but for *receiving* process on the defendant's behalf. *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004); *Capitol Brick, Inc. v. Fleming Mfg. Co*., 722 S.W.2d 399, 401 (Tex. 1986). A certificate like the one here *conclusively* establishes that process was served. *Cullever*, 144 S.W.3d at 466; *Capitol Brick*, 722 S.W.2d at 401. Because the record before us conclusively establishes that process was served on Catalyst Partners by serving the Secretary of State, the error on the face of the record alleged by Catalyst Partners—lack of service—does not exist. We overrule Catalyst Partners' first, second, and third issues.[3]

After Catalyst Partners perfected this restricted appeal, BASF filed a motion to dismiss it.[4] We will deny BASF's motion to dismiss.

---

[3]Catalyst Partners' three issues are: "[w]as Appellant Catalyst Partners, Inc. served with process," "[i]s Appellant Catalyst Partners, Inc. entitled to seek relief under a restricted appeal," and "[i]s the No-answer default Judgment entered on April 24, 2010 valid against Appellant Catalyst Partners, Inc." Catalyst Partners' issues are briefed and argued together, and the only legal issue presented by them is whether Catalyst Partners was served with process.

[4]BASF points to evidence attached to its motion to dismiss showing that Catalyst Partners' charter and certificate or registration of taxable entity was forfeited on February 8, 2008, by the Secretary of State pursuant to Texas Tax Code section 171.309. *See* Tex. Tax Code Ann. § 171.309 (West 2008). BASF explains that it had filed the instant suit on December 28, 2009, while Catalyst Partners' charter and certificate or registration of taxable entity were forfeited and argues that, because of the forfeiture, Catalyst Partners is statutorily "denied the right to sue or defend in a court of this state." *See* Tex. Tax Code Ann. § 171.252(1) (West 2008). BASF argues that the statutory provision prohibiting Catalyst Partners from defending a suit in a court of this state means that Catalyst Partners forfeited the right to pursue this appeal. Whether Catalyst

3

Having overruled Catalyst Partners' issues and having denied BASF's motion to dismiss the appeal, we affirm the trial court's judgment.


SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: June 9, 2011

---

Partners may pursue this appeal is a capacity issue, however, and because this capacity issue was not raised in the trial court, it cannot be raised here. *See, e.g.*, *WHM Props., Inc. v. Dallas County*, 119 S.W.3d 325, 330–31 (Tex. App.—Waco 2003, no pet.). Concurrently with the issuance of this opinion, we will issue an order denying BASF's motion to dismiss.