**HOUSING AUTHORITY OF the City of EL PASO, Appellant,**

**v.**

**Jesus B. LIRA et ux., Appellees.**

**No. 5088.**

Court of Civil Appeals of Texas.

El Paso.

March 9, 1955.

Rehearing Denied March 30, 1955.

Order Denying Rehearing Withdrawn April 29, 1955.

Rehearing Denied On Reconsideration July 6, 1955.

Leo Jaffe, El Paso, for appellant.

Owen & Morgan, El Paso, for appellees.

McGILL, Justice.

The nature of this suit is best revealed by a summary of the pleadings of the parties. Appellant was plaintiff, and appellees defendants in the trial court. Plaintiff alleged that on October 27, 1951, in consideration of One Dollar ($1) paid by plaintiff to defendant Jesus B. Lira, that Lira executed and delivered an offer for the sale of certain land in the City of El Paso which the plaintiff desired to acquire for the establishment of a housing project and to acquire which it had the power of eminent domain; that the plaintiff accepted said offer of sale and has at all times been ready, able and willing to pay defendants the amount agreed upon and fixed in said contract, and has tendered the contract price to defendants in accordance with the terms of the contract, but defendants have refused to accept said sum and to comply with said contract, and plaintiff had deposited in the registry of the court $25,250, the contract price which Jesus B. Lira agreed to accept and plaintiff agreed to pay; that Jesus B. Lira was the owner of the property and Concepcion L. Lira was his wife, and that defendants delivered possession of the property to plaintiff on or about March 1, 1952. The prayer was that plaintiff have judgment against defendants for the fee simple title to said land, and in the alternative that it have condemnation of said property and assessment of damages therefor, which it alleged was the amount of the agreed price stipulated in the contract. The last paragraph of the contract referred to was as follows:

"Notwithstanding the prior acceptance of this offer, the Local Authority in lieu of completing the purchase of said premises may, at any time prior to closing, proceed to acquire the same by condemnation. The seller agrees, as an independent stipulation, which shall survive the expiration or termination of this offer, to such condemnation upon the payment of just compensation, which shall be the purchase price above stated, which price the seller hereby declares to be the fair market value of said premises, inclusive of every interest thereon."

Among other defenses, the defendants alleged that the property in dispute was the business homestead of defendants, who used it in their business of farming, and by way of cross-action alleged that by reason of plaintiff's conduct in taking possession of the property and in condemning it the defendants lost their salvage property, including fences, barns, and a portion of their cotton crop, resulting in $5,000 damage to them, for which they sought judgment against plaintiff.

Trial to a jury resulted in certain findings, one of which was that the reasonable cash market value of the property on or about January 28, 1952, (the date when defendant took possession) was $34,800. On these findings the court entered judgment for the defendants Lira against the plaintiff Housing Authority, for the sum of $34,800, and further that the plaintiff have and take fee simple title to the property in question upon payment of such sum.

Appellant has presented ten points. The first two points and the main contention urged by appellant are that the trial court erred in not holding that title to the land was vested in the plaintiff, and defendants were entitled to recover only the agreed price of $25,250 because under the jury findings and the undisputed evidence plaintiff was a State governmental agency, having the power of eminent domain and the acquisition and taking by plaintiff of defendants' property for the establishment of a housing project was necessary and proper and the defendant Jesus B. Lira having agreed upon the compensation to be paid by plaintiff to defendants for the property, and defendant having waived prepayment of the compensation by refusing to accept the agreed price which was duly tendered by plaintiff to defendant before taking the property, title to the property was thereby vested in plaintiff and defendant was only entitled to recover the agreed price of $25,250.

At all relevant times the property in question was the business homestead of Lira. The jury so found, and such finding is not attacked. Therefore, the contract by Lira to convey such homestead to the Housing Authority could not be specifically enforced. City of El Paso v. Long, Tex.Civ.App., 209 S.W.2d 950 (w. r. n. r. e.)

Nor was Lira answerable in damages for his breach of such contract. 22 Tex. Jur. p. 114, Sec. 77.

The fact that the contract in this case was with a party having the right of eminent domain in no way affects or alters these rules. 22 Tex.Jur. pp. 128–129, Sec. 90.

Therefore, the only remedy appellant had by which it could acquire title to the property when Lira breached his contract to convey was by way of condemnation; hence there was no election of remedies by appellant. It pursued the only remedy it had by which it could acquire title to the property when Lira refused to convey. It had this remedy by virtue of Art. 3269, V.A.C.S., and other statutory provisions authorizing condemnation, including the assessment of damages. The last paragraph of the contract in no way enlarged or curtailed this statutory remedy. It seems elementary that parties cannot by agreement repeal or modify a statute. Therefore, the agreed value stipulated in the contract had no place in the condemnation proceeding except perhaps as evidencing value, because it showed what the parties thought the property was worth. It was not binding on them or on the jury. Indeed, it has been held that such agreement is not even admissible in evidence because it is in the nature of a compromise. City of Houston v. Derby, Tex.Civ. App., 215 S.W.2d 690 (writ refused).

Therefore, the court did not err in its refusal to limit the jury's finding of value to the value stipulated in the contract.

We deem it unnecessary to discuss the other points.

All of appellant's points are overruled, and the judgment is affirmed.

## On Motion for Rehearing

Appellant has called our attention to the decision of this court in Nelson v. Jenkins, 214 S.W.2d 140, in which a writ of error was refused, and insists that in conformity with that decision appellant is entitled to a judgment against Jesus B. Lira of damages for breach of his contract to convey the community homestead land in question, such damages being the difference between the market value of the land as found by the jury and the contract price which Lira agreed should be taken as its market value in the event of condemnation. In our opinion Nelson v. Jenkins has no application to the factual situation here presented. As indicated in our original opinion, when the city resorted to condemnation it abandoned the contract for all purposes and impliedly agreed to the value that might be fixed by the jury in condemnation. Because it is dissatisfied with that value it cannot set it aside and have recourse on Lira for the agreed value. The remedy of condemnation is inconsistent with and repugnant to any agreement as to value.

Appellant also complains of the judgment because it provides for recovery from appellant of interest at the rate of 6% per annum on $34,800 from January 28, 1952, until July 30, 1954, and 6% per annum interest from that date until paid. In our order overruling appellant's motion for re-hearing filed March 30, 1955, we said:

"In its trial amendment to its motion for a new trial appellant made a tender of $25,250 to appellees, with the provision that such tender was without prejudice to the rights of the parties to prosecute their appeal. In connection with such tender appellant requested that the tender operate to stop the running of interest on the amount tendered, without prejudice to their right to prosecute their appeal. Since this money was at all times available to

appellees, they are not entitled to re-cover interest thereon."

Our judgment heretofore rendered is modified so as to allow interest on $9,550 from January 28, 1952 until paid, and appellant's motion for re-hearing is in all other respects overruled.

### On Motion to Withdraw

On its own motion the court withdraws its order overruling appellant's motion for rehearing in the above entitled cause, and it is ordered that said motion for re-hearing be set for oral argument on May 25th, 1955, at 10 o'clock A.M., and that all parties be notified, the court being in grave doubt as to the correctness of our holding that a husband could not be held liable for damages for breach of contract to convey a homestead, in view of the holding of this court in the case of Nelson v. Jenkins, 214 S.W.2d 140.

### On Reconsideration Motion for Motion for Rehearing

 In its motion for rehearing appellant points out that we erred in permitting appellees to recover interest at the rate of six per cent per annum on $34,800 from January 28, 1952 until July 30, 1954, and at the rate of six per cent per annum from the latter date until paid.

In its trial amendment to its motion for a new trial appellant made a tender of $25,250 to appellees, with the provision that such tender was without prejudice to the rights of the parties to prosecute their appeal. In connection with such tender appellant requested that the tender operate to stop the running of interest on the amount tendered, without prejudice to their right to prosecute their appeal. Since this money was at all times available to appellees, they are not entitled to recover interest thereon.

It is therefore ordered that our judgment heretofore rendered be modified so as to allow interest on $9,550 from January 28, 1952, until paid, as prayed for by appellant. With such modification the motion for rehearing is in all other respects overruled.