Michael J. HOPKINS, Steven G. Shafer, McGee/407 Joint Venture, Corporate and Highway 121 Joint Venture, Berry and Lubbock Joint Venture, Trinity Oaks Shopping Center Joint Venture, Village at Bachman Lake Joint Venture, Walnut Hill Village Joint Venture, Camp Bowie and University Joint Venture, 3009–3019 South University Joint Venture, Inwood and Lovers Lane Joint Venture, Green Oaks and Pleasant Ridge Joint Venture, Hopkins–Shafer No. 1 Joint Venture, and Rufe Snow Joint Venture, Appellants,

v.

**NCNB TEXAS NATIONAL BANK, Appellee.**

No. 2–90–297–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 15, 1992.

Hunter, Van Amburgh & Wolf, and Bill C. Hunter and Megan B. Rachel, Dallas, for appellants.

Jackson & Walker, and Gordon Shapiro and Retta A. Miller, Dallas, for appellee.

Before JOE SPURLOCK II, FARRIS and LATTIMORE, JJ.

## OPINION

FARRIS, Justice.

Appellants, Hopkins and Shafer, sued to wind up the affairs of twelve joint ventures in which appellants were the sole venturers. They asked the court to appoint a receiver and require that creditors of the joint ventures file formal claims with the receiver. NCNB was a creditor of each of the joint ventures, holding deed of trust notes secured by properties belonging to the joint ventures and guaranteed by appellants. NCNB intervened and filed a plea in abatement alleging a pending suit in a Dallas County district court involved the same parties and an inherently related cause of action. Appellants then sought ancillary relief enjoining NCNB from foreclosing on the mortgaged properties. The Dallas suit was one filed by NCNB against appellants and the joint ventures seeking to enforce the guarantees against appellants. The tri-al court sustained NCNB's plea in abatement.

Appellants appeal complaining (1) the court erred by not filing findings of fact and conclusions of law, and (2) the court erred in abating their suit. We overrule both points of error because (1) appellants suffered no injury because of the trial court's failure to file findings of fact and conclusions of law, and (2) the court did not abuse its discretion in sustaining the plea in abatement.

The judgment is affirmed.

In their first point appellants contend the trial court refused to file findings of fact and conclusions of law, thus denying them a fair opportunity to address the question of whether or not the trial court abused its discretion in sustaining the plea in abatement. NCNB responds by arguing that a trial court is only required to file findings of fact and conclusions of law after a trial on the merits. We disagree with appellee's argument and hold that the trial court should have honored appellants' demand for findings of fact and conclusions of law, but we overrule point one because appellants were not injured by the trial court ignoring their demand.

We reject NCNB's argument that the trial court was not required to file findings of fact and conclusions of law, because in reviewing an order sustaining a plea in abatement, we apply the abuse of discretion standard of review. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex.1988). The test for abuse of discretion requires us to ask whether the trial court acted without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Unless we can find some reference within the record on appeal to the trial court's fact findings and application of the applicable rules and principles to those findings, an appellant, however grievously abused, must be frustrated. Similarly, in an appeal of an order granting a temporary injunction, also involving abuse of discretion standard of review, our supreme court rec-

ognized that a request for findings of fact and conclusions of law was appropriate. *See Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549, 553 (1953). Accordingly, we hold that appellants were right to demand the trial judge make findings of fact and conclusions of law, recognizing that such a holding will be considered heresy by some trial judges. To rule otherwise would deny appellants the opportunity to make a proper presentation of their case on appeal. *See* TEX.R.APP.P. 81(b)(1).

■ We overrule appellants' first point because the record affirmatively shows they suffered no harm by the trial court's refusal. *See Las Vegas Pecan & Cattle Co. v. Zavala County, Tex.,* 682 S.W.2d 254, 256 (Tex.1984). In this case the legal issue was a simple and straightforward one, and there was no substantial contest of the facts. NCNB based its plea in abatement on only one theory, the pendency of another suit. The statement of facts contains little more than the prove up of exhibits by NCNB. Appellants did not testify, offer any evidence or call any witnesses to testify in their behalf. The order of dismissal stated the court sustained NCNB's plea because the prior pending action involved the same parties and inherently interrelated subject matter.

■ We overrule appellants' second point because the trial court properly applied the guiding principles applicable to abatement in the exercise of its discretion. The exhibits proved up by NCNB show that both pending lawsuits centered on the deed of trust notes held by NCNB and the properties securing those notes. Appellants made no effort to persuade the court there were issues or potential parties involved which could not be joined in the first suit. There is an obvious inherent interrelationship between the issues that required the trial court to sustain NCNB's plea and precludes our finding any abuse of the trial court's discretion. *See Wyatt,* 760 S.W.2d at 247–48. We reject appellants' argument that there can be no inherent interrelationship unless the second suit alleges a compulsory counterclaim to the first. Abate-

ment because of a prior pending suit is based upon broader principles: comity, convenience, and the necessity for orderly procedure in the trial of contested issues. *Id.* at 248.

The judgment of the trial court is affirmed.