

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00366-CV

In the **INTEREST OF I.R.H. and Z.T.H.**, Minor Children

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-02883
Honorable David Berchelmann Jr., Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  May 1, 2013

REVERSED AND REMANDED

This is an appeal from a trial court's judgment granting appellee Mohamed Hajali's plea in abatement and dismissing appellant Mi Song Hajali's motion to modify the parent-child relationship.  On appeal, appellant contends the trial court erred because a provision in the agreed decree of divorce, requiring a party to pay $25,000 to the other party if he or she sought to modify the terms of child custody and support, is void and unenforceable as a matter of public policy and under principles of contract law.  We reverse and remand.

### BACKGROUND

Appellant and appellee entered into an Agreed Final Decree of Divorce ("the Divorce Decree").  The divorce decree named appellant and appellee joint managing conservators of their

two children, with appellee having the exclusive right to designate the primary residence of the children without geographic restriction.

Appellant filed a petition to modify the parent-child relationship, asking the trial court to grant her the exclusive right to designate the primary residence of the children, and requesting appellee pay child support. In response, appellee filed a plea in abatement along with his original answer. The plea in abatement was based upon a condition precedent provision found in the Divorce Decree, which provides:

> "15. *Condition Precedent to Filing of Future Modification Actions*
> IT IS ORDERED that upon filing a suit for modification of the terms and conditions of conservatorship, possession of the children or support, except in an emergency, the filing party shall pay to the other conservator the sum of $25,000 on the date a suit for modification is filed. Failure by the filing party to pay the sum of $25,000.00 to the other conservator shall result in the immediate dismissal of the modification suit brought by the filing party. The parties expressly agree that this requirement is contractual in nature and enforceable as a contract, in addition to any other remedy at law."

Appellee argued appellant failed to comply with the contractual condition precedent, which required appellant to pay $25,000 when she filed the suit for modification. The trial court upheld this provision, abated and then dismissed the case.

Appellant asked the trial court to reconsider, arguing the condition precedent is void as a matter of public policy and under principles of contract law. Additionally, appellant argued that, should the provision be upheld, it had been fulfilled under the emergency exception. This exception was based on information provided by appellant through an affidavit, where she related events that she claimed placed the children in "immediate danger of physical and mental abuse and neglect" by appellee. Specifically, appellant related alleged instances of domestic violence she suffered prior to the divorce, and statements from the children that appellee had physically abused them. In response, appellee advised the trial court that CPS had investigated

these allegations and found them without merit. The trial court again upheld the provision in the divorce decree and dismissed the case. Appellant then perfected this appeal.

ANALYSIS

*Standard of Review*

In reviewing an order sustaining a plea in abatement, we apply the abuse of discretion standard of review. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *Griffith v. Griffith*, 341 S.W.3d 43, 53 (Tex. App.—San Antonio 2011, no pet.); *Hopkins v. NCNB Texas Nat. Bank*, 822 S.W.2d 353 (Tex. App.—Fort Worth 1992, no pet.). A trial court's order of dismissal is also reviewed for abuse of discretion. *KSNG Architects, Inc. v. Beasley*, 109 S.W.3d 894, 897 (Tex. App.—Dallas 2003, no pet.). "The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles." *Larson v. Downing*, 197 S.W.3d 303, 304–05 (Tex. 2006) (quoting *Broders v. Heise*, 924 S.W.2d 148, 151 (Tex. 1996)). If there is a legitimate basis in the record to support the ruling, we must uphold it. *E-Z Mart Stores, Inc. v. Ronald Holland's A-Plus Transmission & Auto., Inc.*, 358 S.W.3d 665, 674 (Tex. App.—San Antonio 2011, pet. denied) (citing *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)).

*Application*

Appellant argues the trial court erred in upholding the condition precedent in the divorce decree requiring a party to pay $25,000 to the other party for seeking to modify terms of child custody and support. She contends the provision is void and unenforceable as a matter of public policy and under principles of contract law.

Among other things, appellant argues the condition precedent should be declared void because it illegally contracts around an applicable statute. The provision calls for payment of

$25,000 by the party seeking modification to the other party and states, "[t]he parties expressly agree that this requirement is contractual in nature and enforceable as a contract, in addition to any other remedy at law." Appellant argues the inclusion of this language is contrary to Section 154.124(c) of the Texas Family Code, which states that terms of an agreement concerning child support are enforceable by all remedies at law, but "are not enforceable as a contract." TEX. FAM. CODE ANN. § 154.124(c) (West 2008).

Texas courts have long recognized that an agreement which violates a valid statute is illegal and void. *Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 246 S.W.3d 653, 664 (Tex. 2008) (noting parties may contract as long as agreement does not violate law or public policy); *Woolsey v. Panhandle Refining Co.*, 116 S.W.2d 675, 678 (Tex. 1938); *see Hous. Auth. of El Paso v. Lira*, 282 S.W.2d 746, 748 (Tex. App.—El Paso 1955, writ ref'd n.r.e.) (holding parties cannot contract in way that modifies or repeals statute). Though the condition precedent provision does not explicitly outline support or visitation, it does restrict with the court's ability to consider changes to child support. *See Woolsey*, 116 S.W.2d at 678 (noting contracts that are either expressly or impliedly prohibited by statute or public policy are not enforceable). In fact, appellant, in her petition to modify the parent-child relationship, specifically asked for child support from appellee. Therefore, we agree with appellant that the condition precedent provision is void because it violates the Family Code provision prohibiting agreements regarding child support to be enforced as a contract. Accordingly, we hold the trial court erred in granting the plea in abatement and dismissing appellant's petition to modify the parent-child relationship.[1]

---

[1] Based on this court's holding regarding the condition precedent provision being unenforceable as a contract, we need not address appellant's public policy argument.

## CONCLUSION

Based on the foregoing, we reverse and remand the case to the trial court for further proceedings in accordance with this court's opinion.

Marialyn Barnard, Justice