

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00077-CV

**IN THE ESTATE OF CARLOS Y. BENAVIDES JR.**

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2020-PB7-000138-L1
Honorable Hugo Martinez, Judge Presiding

Opinion by:     H. Todd McCray, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Adrian A. Spears II, Justice
                H. Todd McCray, Justice

Delivered and Filed: January 21, 2026

REVERSED AND REMANDED

Appellant Leticia Benavides appeals the probate court's denial of her request to abate and its determination that she lacked standing to participate in the probate proceedings regarding the estate of her ex-husband. We reverse and remand.

### BACKGROUND

As this is a memorandum opinion and the parties are familiar with the facts of the case, we will not recite them here except as necessary to advise the parties of this court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

Linda Cristina Alexander was appointed as guardian for her elderly father Carlos Benavides. Linda moved him out of the house he shared with his wife Leticia and later filed for

divorce on his behalf. The divorce was granted and, while Leticia's appeal of the divorce was pending, Carlos died. Linda filed an application to probate his will. Leticia raised challenges to the probate proceeding and, in response, Linda moved to strike Leticia's filings and dismiss Leticia from the proceeding on the basis that, as Carlos's ex-wife, Leticia did not have standing to contest any aspect of the proceeding. In response, Leticia requested the court grant a limited abatement of the standing determination until the appeal of her divorce was final. The probate court denied Leticia's request for abatement and dismissed her from the proceedings on the grounds that she lacked standing.

Leticia initiated this appeal shortly thereafter, challenging the probate court's denial of her request for abatement. While this appeal was pending, the Supreme Court of Texas vacated the divorce decree, holding that Linda had failed to obtain a finding that pursuing and granting the divorce would be in her father's best interests. *See Matter of Marriage of Benavides*, 712 S.W.3d 561, 580 (Tex. 2025). After that ruling, this Court permitted the parties to file additional briefing. In her supplemental briefing, Leticia additionally challenges the probate court's finding that she lacked standing, and her resulting dismissal from the probate proceeding.[1]

### APPELLATE JURISDICTION

We begin with a determination regarding whether this Court has jurisdiction over this appeal. The existence of jurisdiction to determine the merits of an appeal is a question of law. *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam). Generally, appeals may be taken only from final judgments. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). "Probate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *Id*. (quoting

---

[1] Leticia also filed a motion for leave to raise/address this standing issue. As discussed more fully below, we find that this issue is intertwined with Leticia's original issue. Accordingly, we grant the motion for leave.

*Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001)). However, the Texas Supreme Court has held that "[n]ot every interlocutory order in a probate case is appealable," and added that "determining whether an otherwise interlocutory probate order is final enough to qualify for appeal has proved difficult." *Mackie*, 193 S.W.3d at 578.

In the past, courts relied on a "substantial right" test to determine whether an interlocutory probate order should be appealable. *Id*. Under that test, once the probate court adjudicated a "substantial right," the order was appealable. *Id*. In 1995, the Texas Supreme Court attempted to clarify this test, noting that "while adjudication of a 'substantial right' was one factor to be considered, equally important" was "earlier precedent requiring that the order dispose of all issues in the phase of the proceeding for which it was brought." *Id*. Thus, "[t]o sidestep 'potential confusion' about the appropriate test for jurisdiction," the court adopted the following test:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id*.

In the present case the denial of Leticia's motion to abate is intertwined with the probate court's finding that Leticia lacked standing to contest the will at issue. Accordingly, the trial court's order—ruling on both issues—foreclosed Leticia's participation in the probate proceeding and is therefore a final appealable order. *See Womble v. Atkins*, 160 Tex. 363, 368–69, 331 S.W.2d 294, 297–98 (1960) ("A judgment of no interest and consequent dismissal of an application for probate, or contest of, a will is in no sense interlocutory. . . . Unless and until the party against whom the judgment is rendered acquires a new status of interest which was not and could not have been adjudicated, the judgment is a final judgment."); *Rosin v. Berco & Leja Rosin Tr.*, No. 04-08-

00601-CV, 2009 WL 1956386, at *2 (Tex. App.—San Antonio July 8, 2009, pet. denied) (mem. op.) ("Once the trial court found that the minor plaintiffs lacked standing to bring the will contest, all issues in the phase of the proceeding for which it was brought had been disposed by the trial court. Thus, the order granting the motion in limine was a final appealable order . . . ."). Accordingly, we have jurisdiction to consider the order.

## SCOPE OF REVIEW

In her original appellate brief Leticia challenged the denial of her motion to abate. In her supplemental briefing, Leticia more directly addresses the probate court's decision to strike her pleadings and dismiss her from the underlying probate proceeding for a lack of standing, after denying her request to abate.[2] Leticia also filed a motion for leave to raise and address this standing issue. We conclude this "second" issue is entwined with Leticia's appeal of the denial of her motion to abate—the express purpose of which was to defer a ruling on standing prior to a final determination of her marital status.

> [T]he issues in the pending divorce appeal and the underlying probate proceeding— whether Leticia and Carlos were lawfully divorced (without either spouse's consent) and thus, whether Leticia is Carlos's surviving spouse—are inherently intertwined. Indeed, whether Leticia has any interest in Carlos's estate cannot be adjudicated until the validity of the Divorce Decree is resolved on appeal.[3]

Thus, the propriety of the trial court's premature determination of standing is inherently part of Leticia's appeal of her dismissal from the probate proceedings. Accordingly, we grant Leticia's motion. *See St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 215–16 (Tex. 2020) (per curiam) ("We hold that the court of appeals had authority under Rule 38.9 to request additional briefing in this case because the "unbriefed issue" was "fairly included" in or

---

[2] Leticia was precluded from directly challenging this ruling prior to the Supreme Court of Texas vacating the divorce decree.

[3] Brief of Appellant at 14 (filed September 3, 2021).

"inextricably entwined" with a briefed issue."); *see also* TEX. R. APP. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe."); *Stuart v. Coldwell Banker & Co.*, 552 S.W.2d 904, 906 (Tex. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.) ("In order to effectuate the cause of justice, an appellate court has the authority to permit an appellant to file an amended brief and to include therein additional points of error, either prior to or after submission, upon such reasonable terms as it may prescribe."). Accordingly, we conclude that both issues raised by Leticia are properly before us for review.

## ANALYSIS

### A. Did the probate court err by not abating the determination of Leticia's standing as Carlos's surviving spouse pending the resolution of the divorce appeal?

Leticia asserts the probate court erred when it refused to abate the determination of Linda's motion to dismiss until a final judgment was reached in Leticia's appellate challenge to the divorce. We agree.

The granting of a plea in abatement in a later-filed suit is mandatory when "an inherent interrelation of the subject matter exists in two pending lawsuits." *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex. 1988). "In determining whether an inherent interrelationship exists, courts should be guided by the rule governing persons to be joined if feasible and the compulsory counterclaim rule." *Id.* "The term 'guided' does not indicate that all elements of the compulsory counterclaim rule must be met for an inherent interrelationship to exist between two cases." *In re PlainsCapital Bank*, No. 13-17-00021-CV, 2018 WL 2979836, at *9 n.5 (Tex. App.—Corpus Christi-Edinburg June 8, 2018, orig. proceeding) (collecting cases). "Abatement because of a prior pending suit is based upon broader principles: comity, convenience, and the necessity for orderly procedure in the trial of contested issues." *Hopkins v. NCNB Tex. Nat. Bank*, 822 S.W.2d 353, 355 (Tex. App.—Fort Worth 1992, no writ) (citing *Wyatt*, 760 S.W.2d at 248). Where there is "an

obvious interrelationship between the subject matter of the case, a trial court is required to grant a plea in abatement. *See Hopkins*, 822 S.W.2d at 355. A trial court abuses its discretion if it fails to grant a plea in abatement when abatement is mandatory. *Coastal Oil & Gas Corp. v. Garza Energy Trust,* 268 S.W.3d 1, 26 (Tex. 2008).

In the present case, Leticia's standing in the probate case was dependent on the final determination of her appeal of her divorce—if the divorce was upheld, she would not have standing but if the divorce was voided, she would have standing. It necessarily follows that a final judgment on standing should have been deferred until Leticia's appeal of her divorce was resolved.

Given the uniqueness of the facts of this case, there is little case law directly on point. But this approach, and conclusion, is supported by cases addressing a taxing unit's right to proceed with a Chapter 33 suit against a property owner whose Chapter 42 appeal is pending and undecided in district court. *See*, *e.g.*, *Carrollton-Farmers Branch Indep. Sch. Dist. v. JPD, Inc.*, 168 S.W.3d 184, 187 (Tex. App.—Dallas 2005, no pet.); *Valero Transmission Co. v. San Marcos Consol. Indep. Sch. Dist.*, 770 S.W.2d 648, 652 (Tex. App.—Austin 1989, writ denied); *New v. Dallas Appraisal Review Bd.*, 734 S.W.2d 712, 716–17 (Tex. App.—Dallas 1987, writ denied). In these cases, it was determined that because a taxing authority's "legal right to the taxes claimed in its Chapter 33 suit depends upon the validity of the appraised value assigned" to the property at issue, "[o]rderly procedure requires . . . that judgment in the Chapter 33 suit be deferred until [the property owner's] Chapter 42 'appeal' has been finally determined." *Valero Transmission Co.*, 770 S.W.2d at 652; *see also JPD, Inc.*, 168 S.W.3d at 187 ("A taxing unit's legal right to taxes claimed in a chapter 33 lawsuit depends upon the final determination of the appraised value of the property. . . . [I]t necessarily follows that judgment in the chapter 33 delinquency lawsuit be deferred until the chapter 42 appraisal appeal is resolved."); *New*, 734 S.W.2d at 717 ("[O]nce the

issue of valuation of the property is properly on appeal . . . an action by a taxing authority for the balance of the taxes is premature until the order on valuation becomes final.").[4]

In similar fashion, Linda's motions to strike Leticia's filings and dismiss Leticia from the probate proceeding relied on the validity of the divorce decree. Accordingly, there was an inherent interrelationship between Leticia's appeal of that divorce and the issue of standing in the probate case. Orderly procedure required the probate court to defer judgment until the appeal was resolved. We sustain Leticia's first issue.

**B.      Should the probate court's dismissal of Leticia be reversed?**

In her second issue Leticia asserts the probate court's decision to dismiss her from the probate matter for lack of standing should be reversed. We agree.

In the present case, Leticia's divorce judgment precluded her from establishing standing. Accordingly, the probate court struck Leticia's pleadings and dismissed her from the proceedings on the grounds that she lacked standing. But the Supreme Court of Texas has since vacated the divorce decree. *Matter of Marriage of Benavides*, 712 S.W.3d at 580. Therefore the prior judgment

---

[4] In *Scurlock Oil Co. v. Smithwick*, the Supreme Court of Texas ruled that "a judgment is final for the purposes of issue and claim preclusion 'despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo.'" 724 S.W.2d 1, 6 (Tex. 1986). However, "[t]he principal reason [the Supreme Court] cited for this rule was the nonsensical alternative of retrying *the same issues between the same parties* in subsequent proceedings with the possibility of inconsistent results." *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996) (citing *Scurlock*, 724 S.W.2d at 6) (emphasis in original). Accordingly, in addition to the property tax cases we have already cited, the Supreme Court of Texas has carved out exceptions to *Scurlock* when the issues are not the same in both cases, but the issues in the second case are predicated upon a final decision in the first. *See, e.g., In re State Farm Mut. Auto. Ins. Co.*, 712 S.W.3d 53, 64-66 (Tex. 2025) (holding the trial court clearly abused its discretion in denying a motion to bifurcate and abate plaintiff's extracontractual claims of bad faith until plaintiff received a judgment that she was actually owed uninsured motorist benefits under the policy); *Tex. Beef Cattle Co.*, 921 S.W.2d at 208 ("[A]n underlying civil suit has not terminated in favor of a malicious prosecution plaintiff until the appeals process for that underlying suit has been exhausted."). This distinction is also recognized when applying tolling rules. *See Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 119 (Tex. 2001) ("When an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on a malpractice claim against that attorney is tolled until all appeals on the underlying claim are exhausted or the litigation is otherwise finally concluded.").

which Linda relied on to support her standing argument has been nullified. *See Watson v. Houston Indep. Sch. Dist.*, No. 01-04-01116-CV, 2005 WL 3315254, at \*1 (Tex. App.—Houston [1st Dist.] Dec. 8, 2005, no pet.) (mem. op.) ("The earlier judgment against Frank is no longer a final judgment because a reversed judgment is generally nullified, leaving it as if it had never been rendered other than as to further rights of appeal."). As such it is no longer a judgment that can support the probate court's ruling. *See Scurlock*, 724 S.W.2d at 6 ("A judgment in a second case based on the preclusive effects of a prior judgment should not stand if the first judgment is reversed."); s*ee also In re A.K.B.*, 2024 WL 3056663, at \*26 ("When an appellate court reverses the first judgment, the finality necessary for claim or issue preclusion is eliminated.") (quoting *Waller v. Waller*, No. 12-19-00326-CV, 2020 WL 5406246, at \*2 (Tex. App.—Tyler Sept. 9, 2020, no pet.)). *In re A.K.B.*, No. 04-23-00154-CV, 2024 WL 3056663, at \*26 (Tex. App.—San Antonio June 20, 2024, pet. denied) (mem. op.) ("Because the judgment in Father's first appeal was reversed, he cannot now rely on that judgment to assert claim preclusion—also known as res judicata—or issue preclusion—also known as collateral estoppel—as there was no final judgment.") (quoting *In re J.W.*, No. 06-21-00074-CV, 2022 WL 68229, at \*8 (Tex. App.—Texarkana Jan. 7, 2022, pet. denied)). With the divorce voided, Leticia qualifies as an interested person under section 22.018(a). *See* TEXAS ESTATES CODE § 22.018(a) ("'Interested person' or 'person interested' means: (1) an heir, devisee, ***spouse***, creditor, or any other having a property right in or claim against an estate being administered. . . .") (emphasis added). We sustain Leticia's second issue.

**CONCLUSION**

For the reasons stated above, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.[5]

H. Todd McCray, Justice

---

[5] Any other relief sought by either of the parties is denied.